UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES A. VILLARRUBIA** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-7378**<br>**REF: ALL CASES** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiff's motion is DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home at 6463 Avenue A in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Liberty Mutual Fire Insurance Company, the Plaintiff's homeowner's insurance carrier, and Liberty Mutual Insurance Company, the Plaintiff's flood insurance carrier (collectively, "Liberty Mutual"). The Plaintiff's homeowner's policy has coverage limits of $45,000 for dwelling and $1,000 for contents. To date, Liberty Mutual has paid the Plaintiff $7,096.84 pursuant to the homeowner's policy.

On August 24, 2007, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that he is entitled to payment from Liberty Mutual for damages and losses to the property, in addition to bad-faith penalties

1

under Louisiana law.  The Plaintiff also seeks damages for loss of use, depreciation, mold damage and remediation, and debris clean up and removal.  The Plaintiff's petition contains no stipulation limiting the amount-in-controversy.  However, in an exhibit to the instant remand motion, Plaintiff's counsel attests in an affidavit that "the damages sustained to Plaintiff's property . . . are less than $75,000, exclusive of interest and costs."  *See* Rec. Doc. 4-4.

Liberty Mutual removed this case to federal court on October 25, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.[1]  On November 13, 2007, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendants bear the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Liberty Mutual contends that this Court has diversity jurisdiction over this case because

---

[1] To be precise, the matter was removed from state court twice on this date, once by each of the defendants.  The two federal cases that resulted have been consolidated.  Given the Court's conclusion with respect to diversity jurisdiction, the alternative theories of federal jurisdiction raised in Liberty Mutual Insurance Company's notice of removal need not be addressed.

complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  The Plaintiff does not dispute that diversity of citizenship exists, however, he argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this case, the Plaintiff has not made such a binding stipulation in his petition and the Court finds that the Defendants have demonstrated that the amount-in-controversy exceeds $75,000.  The Plaintiff's post-removal attempt to reduce the initial amount in controversy is ineffective. Accordingly, the Court finds that diversity jurisdiction exists in this case.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 4) is DENIED.

New Orleans, Louisiana, this __14th__ day of __January__, 2008.

_____
UNITED STATES DISTRICT JUDGE